## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Parkhurst et al.

v.

Mosher et al.

March 16, 1984

Case No. (Chancery) 14141

By JUDGE ALBERT H. GRENADIER

The defendants have filed a cross-bill of complaint containing three counts. Count I claims that the cross-defendants breached the partnership agreement between the parties. Count II charges the cross-defendants with the breach of a fiduciary duty. Count III alleges that the cross-defendants engaged in a conspiracy to injure the trade, profession and reputation of the cross-complainants in violation of §§ 18.2-499 and 18.2-500 of the Code of Virginia.

The cross-defendants have moved for summary judgment on the cross-bill of complaint, alleging in general terms that as a matter of law no partnership agreement existed between the parties, that no fiduciary duty existed, and that their actions did not constitute a conspiracy to injure the cross-complainants. They assert that there are no genuine issues of material fact to be resolved.

Upon a full review and consideration of the pleadings, the memoranda of counsel and the relevant authorities, the Court is of the opinion that there are genuine issues of material fact to be resolved and that the cross-defendants' motion for summary judgment should be denied.

The cross-defendants argue that under the terms of the partnership agreement of January 1, 1982, the death of one of the partners on June 10, 1982, and the retirement of another partner on July 31, 1982, resulted in a dissolution of the partnership and that they were no longer bound by the terms of that agreement. They allege that in the absence of a binding partnership agreement they had no fiduciary duty to the old firm and were free to act with respect to their separation from the firm without being subject to the provisions of § 18.2-499 of the Code of Virginia. The Court finds their position untenable under the facts in this case.

It is not necessary to have a written partnership agreement to constitute a partnership. Under § 50-6 Code of Virginia a partnership is defined as an association of two or more persons to carry on as co-owners a business for profit. Under § 50-7(4) the receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business.

It is clear from the pleadings that the cross-defendants held themselves out as partners in the Stevens firm after Mr. Upchurch's death on June 10, 1982, and after the retirement of Mr. Jukes on July 31, 1982. They not only held themselves out as partners to the firm's clients but also to their fellow partners and the firm's employees. With the exception of a redistribution of the partnership percentages nothing changed in the operation of the firm. It was business as usual. Until this suit was filed the cross-defendants never claimed the firm had been dissolved. Nor during 1982 did they insist upon the execution of a new partnership agreement. They willingly performed work for the partnership and accepted as compensation their percentage of the firm's profits. They raised no objection to the continued operation of the firm and a distribution of the profits in accordance with the terms of the old partnership agreement.

On November 10, 1982, the cross-defendants first advised the partnership that they intended to leave the firm and open their own practice on January 1, 1983. They gave formal notice on November 15, 1983. In their letter to Mr. Mosher they requested that the partnership be dissolved as of January 1, 1983. If they felt that the partnership had already been dissolved, why did they call for its dissolution as of January 1, 1983?

On these facts the Court is of the opinion that as they held themselves out as partners as hereinabove set forth the cross-defendants are estopped to deny the existence and continuation of the old partnership and their status as partners. It should be noted that even upon a dissolution, a partnership is not terminated, but continues until the winding up of the partnership affairs is completed. During the winding up period the partnership continues to function and the partners have a continuing duty to act fairly toward one another. Section 50-29 et seq. Code of Virginia; *Lindsay v. Bevins*, 204 Va. 74 (1963).

So long as a partnership exists the partners have a fiduciary duty to the partnership. Under § 50-21 Code of Virginia every partner is accountable to the partnership as a fiduciary. In *Klotz v. Klotz*, 202 Va. 393 (1961), the court held that the relationship of partners is of a fiduciary character and imposes upon them the obligation to exercise good faith and integrity in their dealings with one another in the partnership affairs. Each should guard the interests of the other equally with his own and make a frank and fair disclosure of all material facts.

Whether the cross-defendants breached this duty requires substantial factual determination. More specifically, the facts surrounding the solicitation of the firm's clients are in dispute. It is without question that a client has a right to select his own attorney. However, the manner in which the attorney solicits clients is, in this case, subject to the provisions of the partnership agreement, the restraints imposed by the Virginia Code of Professional Responsibility and applicable case law. A simple communication sent by both parties in which they announce a change in the firm membership and invite the client to either continue with the old firm or switch to the new firm is certainly permissible. However, in-person solicitation and self-recommendation is not permissible. *Adler, Barish v. Epstein*, 393 A.2d 1175 (Pa. 1978), cert. den. & app. dis. 442 U.S. 907 (1978). The cross-complainants allege that such personal solicitation occurred when the cross-defendants saw firm clients in Europe and Japan while on firm business. If they used these opportunities to press clients to switch to their new firm, they may well have breached their fiduciary duty to their fellow partners. In any event, these are

all questions of fact that need to be developed at the trial.

Finally, the cross-defendants assert that as a matter of law their alleged conduct was privileged and cannot form the basis for a violation of §§ 18.2-499, -500, Code of Virginia. They claim privilege on the ground that they were protecting an economic interest. This type of privilege, however, is not absolute. It should not exist where the cross-defendants are willfully engaging in improper solicitation of clients of the old firm, thereby causing injury to that firm's law practice. If the privilege exists at all, it exists only where the cross-defendants have clearly not exceeded the permissible scope of client solicitation. To hold otherwise would permit them to escape the consequences of their illegal conduct. On this particular issue, there are also substantial factual matters to be resolved.

For the reasons stated above, the Court will deny the cross-defendants' motion for summary judgment.